UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
GREGORY ARENA                                 :
                                              :     CASE NO. 5:11-cv-00477
            Plaintiff,                        :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Doc. No. 20]
COMMISSIONER OF SOCIAL                        :
SECURITY,                                     :
                                              :
            Defendant.                        :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Kathleen B. Burke recommended this Court affirm the Social Security Commissioner's denial of Disability Insurance Benefits to Plaintiff Gregory Arena. Because the ALJ had substantial evidence supporting his determination of the Plaintiff's residual function capacity ("RFC"), the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

## I. Background

On July 22, 2003, Arena applied for Disability Insurance Benefits ("DIB").[1] Tr. 53-58. Arena claimed benefits from March 23, 2002, the date he says his symptoms accrued, until September 30, 2007, the date last insured. Tr. 61; [Doc. 13 at 3]. The state agency denied Arena's application. Tr. 37-41. After a hearing, Administrative Law Judge Mark Carissimi also concluded

---

[1] On January 21, 2004, Arena applied for Supplemental Income Security. That application was granted, and is not contested on review.

Case No. 5:11-cv-00477
Gwin, J.

that Arena was not disabled. Tr. 16-25. The Appeals Council denied review. Tr. 8-12. Arena filed a complaint against the Commissioner in this Court. [Case No. 5:07-CV-766, Doc. 1]. District Judge O'Malley adopted Magistrate Judge Perelman's Report and Recommendation, vacated the Commissioner's decision and remanded for a new administrative hearing. [Case No. 5:07-CV-766, Doc. 19 at 1].

On remand, ALJ Peter Beekman found Arena was disabled beginning on September 9, 2008, the date Arena turned fifty-years-old and was subject to a different section of the Medical-Vocational Guidelines because of his age. Tr. at 629-30. Since Arena had last been insured on September 30, 2007, ALJ Beekman awarded Arena SSI benefits, but not DIB benefits. *Id.* Arena says that as of March 23, 2002 a combination of impairments left him no residual functional capacity. He says he suffered from degenerative joint disease of the knees, status post total knee anthroplasty on the left and residual left foot drop, degenerative disc disease of the lumbar spine, anxiety disorder, and obstructive sleep apnea. Tr. 621. In support, Arena relies principally on the July 10, 2006 assessment of Dr. Scott Rigby, M.D., Arena's primary care physician. [Doc. 20 at 1, 2]. That assessment noted that Arena could engage in "no lifting/carrying" and "is not employable." Tr. 535, 536.

ALJ Beekman determined, however, that "since March 23, 2002, Mr. Arena has the residual functional capacity to perform sedentary work . . . with restrictions." Tr. 621. ALJ Beekman rejected Dr. Rigby's findings on two principal bases. First, ALJ Beekman relied Mr. Arena's statements that he had, cleared gutters on his house, mowed the lawn, helped with snow removal, driven his mother to appointments, and helped to take care of his aunt, who lived in Pennsylvania. Tr. 627. Second, ALJ Beekman relied on the testimony of Dr. Hershel Goren, M.D., a board-

Case No. 5:11-cv-00477
Gwin, J.

certified neurologist, who reviewed and summarized the medical evidence. Tr. 626. Dr. Goren ultimately concluded that Mr. Arena retained functional capacity for sedentary work based on the entirety of the record. Because Dr. Goren's opinion "is consistent with the evidence as a whole and is based on his experience as a Board-certified neurologist and as an expert in Social Security disability evaluation," ALJ Beekman granted it "great weight." Tr. 626. ALJ Beekman concluded that "Mr. Arena was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" for the contested period. Tr. 629.

The Appeal's Council denied Arena's request for review. Tr. 601-04. Arena now seeks review of ALJ Beekman's denial of DIB benefits. Magistrate Judge Burke recommends that this Court affirm the Social Security Commissioner's denial. Arena objects, saying that ALJ Beekman's RFC assessment failed to accord due weight to Dr. Rigby's assessment and that the ALJ did not sufficiently explain his reasoning. [Doc 17 at 1-2].

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[2/] The claimant's impairment must prevent him from

---

[2/] During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In Step Two, the Plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding of disability." *Id.* (internal quotations omitted). During Step Three of the analysis, the ALJ determines whether the claimant has an impairment that satisfies one of the criteria of an impairment listed in Appendix 1 and that also meets the durational

-3-

doing his previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *See id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made. *Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

---

requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is deemed disabled if she or he has an impairment that meets both the listing and the duration requirement. For the Fourth Step, the ALJ must determine if the claimant's residual functional capacity allows him to do past relevant work. *Colvin*, 475 F.3d at 740. Finally, in the Fifth Step, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. *Id.* "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Id.*

Case No. 5:11-cv-00477
Gwin, J.

"The Social Security Act instructs that the ALJ—not a physician—ultimately decides a Plaintiff's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). Generally, "an ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). But, "[e]ven if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *1 (1996). And " conclusory physician statements that amount to a disability determination, not a medical opinion . . . are not given 'any special significance.'" *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (quoting 20 C.F.R. § 404.1527(e)(1), (3)). Thus, an ALJ may decide the RFC counter to the treating physician's recommendation so long as the ALJ cites "good reasons . . . for the weight" accorded to the treating source's opinion. *Wilson*, 378 F.3d at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)).

If the ALJ decides that "'the opinion of a treating source is not accorded controlling weight, an ALJ *must* apply certain factors . . . in determining what weight to give the opinion'" *Bowen v. Comm'r of Soc. Sec.*, 478 F. 3d 742, 747 (6th Cir. 2007) (quoting *Wilson*, 378 F.3d at 544). In particular,

> the ALJ is to consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source.

-5-

Case No. 5:11-cv-00477
Gwin, J.

Bowen, 478 F. 3d at 747 (citing 20 C.F.R. § 404.1527(d)).

### III. Discussion

Arena raises two broad objections to Magistrate Judge Burke's Report and Recommendation: First, Plaintiff reiterates his contention that ALJ Beekman failed to grant controlling weight to Dr. Rigby's statements and did not articulate "good reasons" for doing so. [Doc. 20 at 2-3]. Second, Plaintiff says that Magistrate Burke's recommendation "constitutes post hoc rationalization" because the ALJ's reasoning was insufficiently clear. [Doc. 20 at 3]. Arena's objections fail. First, ALJ Beekman's decision is supported by substantial evidence. He offered good reasons for the weight he accorded Dr. Rigby's findings–he disregarded those conclusions inconsistent with other facts in the record and explained why he credited Dr. Goren instead. Second, Magistrate Burke's Report and Recommendation appropriately documents and reviews these good reasons.

Substantial evidence supports the ALJ's decision not grant controlling weight to Dr. Rigby's opinion. The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. Mullen, 800 F.2d at 545. Here, the ALJ's opinion need only reflect evidence "adequate to support a conclusion," Richardson, 402 U.S. at 401 (quotation omitted), that the treating physician's findings were "'inconsistent' with the other substantial evidence in the case record." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *1 (1996). His opinion meets this burden. ALJ Beekman explained that

> [Dr Rigby's] opinion is not given weight to the extent of the residual functional capacity above. His opinion is not given full weight because his statement that Mr. Arena was incapable of 'any' lifting or carrying suggests that Mr. Arena would not be able to lift a cup to drink from or lift a utensil to feed himself, which is not the case.

Tr. at 624. Later the ALJ documented the bases in the record for his decision to reject Dr. Rigby's

Case No. 5:11-cv-00477
Gwin, J.

conclusion that Mr. Arena is capable of "[n]o lifting or carrying." Specifically, he noted, Mr. Arena

> had been cleaning out the gutters on his house . . . [,] was going to go to truck driving school . . . [,] was mowing the lawn . . . [,] was helping to take care for his aunt, who lived in Pennsylvania, and that he would be visiting her . . . [, and] that [Mr. Arena] drives his mother to the store, the bank, and to appointments.

Tr. at 627 (citations omitted). These facts are a substantial basis for the ALJ's decision not to grant Dr. Rigby's opinion controlling weight.

Arena tries to escape this reasoning by suggesting that the ALJ's logic was not "sufficiently specific." Doc. 20 at 3 (quotations omitted). In essence, Arena suggests that the ALJ's finding that it was "plainly not the case" that Arena is incapable of lifting anything *cannot* be read to reference Arena's statements about his own activities. This contention asks too much. The "good reasons" requirement exists in order to "let claimants understand the disposition of their cases," and ensure that the ALJ's application of the treating physician rule "permits meaningful review of the ALJ's application of the rule." Wilson, 378 F.3d at 544 (further quotations, citations omitted). The ALJ's report identifies substantial evidence that Dr. Rigby's statement was "inconsistent with other substantial evidence in [the] case record" in an understandable manner. Wilson, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)). The regulations require nothing more.

The ALJ likewise provided good reasons for deciding what weight to give Dr. Rigby's opinion. The ALJ agreed with Dr. Goren, who "did not see evidence in the record where Dr. Rigby performed enough of an examination to come to those conclusions." Tr. at 626. This statement satisfies Bowen's first two factors, the length, frequency, and nature of the treatment relationship. The ALJ also noted that "[e]vidence of record regarding Mr. Arena's daily activities is consistent with a residual functional capacity for sedentary work" and thus inconsistent with Dr. Rigby's opinions. Tr. at 626. This analysis satisfies *Bowen*'s third and fourth factors, "the supportability of

Case No. 5:11-cv-00477
Gwin, J.

the opinion" and its "consistency with . . . the record as a whole." *Bowen*, 478 F. 3d at 747. (citing 20 C.F.R. § 404.1527(d)). Finally, the ALJ noted that "Dr. Goren also noted that Dr. Rigby is not an orthopaedic surgeon," satisfying *Bowen*'s fifth factor. *Id.* These are clear reasons for giving Dr. Goren's opinion more weight than Dr. Rigby's. Tr. at 626.

For similar reasons, Arena's claim that Magistrate Judge Burke engaged in "post hoc rationalization" fails. The ALJ's decision was "supported by substantial evidence and was made pursuant to proper legal standards," *Rogers*, 486 F.3d at 241,–the same evidence recounted here. As already explained, this requirement exists to "let claimants understand the disposition of their cases," and ensure that the ALJ's application of the treating physician rule "permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544 (further quotations, citations omitted). "[M]eaningful review" is exactly what Magistrate Judge Burke undertook. *Id.*

**Conclusion**

The Court **ADOPTS** in whole Magistrate Judge Burke's Report and Recommendation and incorporates it fully herein by reference, and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.

Dated: August 22, 2012　　　　　　　　s/    *James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE